Wyly, J.
Plaintiff, Corinne Tesson, brings a petitory action to recover from the defendants, the heirs of Gabriel Gusman, a lot of ground and improvements, situated in the city of Baton Rouge, purchased from their ancestor on the twenty-eighth of March, 1872.
After a general denial the defendants specially aver that the pretended act of sale sued on was an act under private signature, no price was paid, the vendor remained in possession until his death, receiving the rents of the property, and it was assessed as the property of the vendor, Gabriel Gusman, after the pretended sale; that said pretended sale was a mere simulation, not intended to convey any title to said lot, and did not convey any title; that should it appear that said *267 G-usman intended to convey title to plaintiff, then respondents plead that the intention was that it should take effect only after the death of said Gusman, as a donation, and as such the said act was not clothed with the formalities required by law for a donation, either inter vivos or causa mortis, and said act is, therefore, null and void.
The plaintiff moved to strike out the answer on several grounds, the most important being that the defendants having accepted unconditionally the succession of their ancestor, can not be heard to plead or allege that his sale to plaintiff was simulated, and, standing in his stead and place, they can not set up any defense which he, if living, could not make.
The court overruled the exception, reserving the right to the plaintiff to object to the evidence when offered by the defendants. 20 An. 193. The case was before this court in March, 1871, and was remanded because the court a qua erroneously received in evidence a copy of the act of sale, an act under private signature, not the best evidence. The second trial, like the first, resulted in judgment for plaintiff, and defendants, except one of the heirs, have appealed.
As the answer does not disavow the signature of the deceased, or as the heirs do not declare in the answer they know not the signature, but, on the contrary, aver that it is an act under private signature, void for simulation, or null as a disguised donation for informalities, we are of the opinion the plaintiff was not bound to prove the signature further than she did by the testimony of one of the subscribing witnesses and the preliminary evidence on which the deed had been admitted to registry. Revised Code 2244.
As the defendants have received from their ancestor, independently of the property in controversy, the full amount of their legitime, they can not attack for simulation the sale which he made to the plaintiff; and parole evidence in support of said charge was properly excepted to. Collins v. Pratt, 15 An. 42, Labauve v. Boudreau, 9 R. 29, Maples v. Mitty 12 An. 759.
As the ancestor of defendants, however, could have shown the simulation of the sale by a counter letter, or by interrogatories on facts and articles addressed to plaintiff, the defendants, his heirs, have the same right. Therefore, the interrogatories on facts and articles which plaintiff failed to answer were properly taken for confessed, and they establish the simulation of the sale beyond doubt. See Semeré v. Semeré, 10 An. 704, and authorities there cited.
It is therefore ordered that the judgment herein be set aside, and it is decreed that there be judgment for the appellants, plaintiff paying-costs of both courts.
Rehearing refused.